**JIA LU YU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondent.**

**No. 06–1194–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, Gary L. Hayward, Assistant United States Attorney, Des Moines, Iowa, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jia Lu Yu, a native and citizen of the People's Republic of China, seeks review of a February 17, 2006 order of the BIA affirming the December 2, 2004 decision of Immigration Judge ("IJ") Alan L. Page denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Lu Yu,* No. A97 390 423 (B.I.A. Feb. 17, 2006), *aff'g* No. A97 390 423 (Immig. Ct. N.Y. City Dec. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but deciding not to remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the original decision on remand).

■ Substantial evidence supports the IJ's adverse credibility finding with regard to Yu's Falun Gong claim. Yu did not mention Falun Gong at either her airport or credible fear interviews, denied ever having been arrested, and told the interviewing officers that she came to the United States to find work. The record contained a complete, verbatim transcript of the interviews, which were conducted in Mandarin; there is no suggestion of either confusion or coercion in either interview transcript; and while Yu claimed at her hearing that she had been scared at the time, she also admitted that she had been given food and a place to sleep and was not mistreated. Therefore, the record indicates that the circumstances of the interview were not coercive and that the transcripts were sufficiently reliable that the IJ properly relied on Yu's inconsistent statements. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005) (*per curiam); Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Moreover, Yu's testimony was also inconsistent internally and with her asylum application. She wrote that she was arrested once, in

February 2002, and that she learned the police were looking for her again in May 2002, but went into hiding before they could find her. However, she testified that she was arrested a second time in May 2002, did not correct herself until the misstatement was pointed out, then later made a second reference, followed by a second denial, of a May 2002 arrest. In light of all these inconsistencies, the IJ reasonably questioned whether Yu was testifying from actual experience, and appropriately denied her asylum, withholding, and CAT claims based on adverse credibility, to the extent they rested on her Falun Gong allegations.

■ The IJ also reasonably found that Yu did not meet her burden of proof on any of these claims to the extent they rested on fear of punishment for her allegedly illegal departure. At her hearing before the IJ, Yu made clear that she was not personally involved in the smuggling business or any other activities that might conceivably heighten her risk of punishment, and she suggested that her own departure was not even illegal. Moreover, even if her own exit were illegal, she failed to establish that someone in her particular circumstances would have an objectively reasonable fear, much less a clear probability, of punishment or torture on this basis. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

■ Finally, the BIA's decision to affirm without opinion under 8 C.F.R. § 1003.1(e)(4) is not a violation of due process *per se,* as Yu suggests, *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 157 (2d Cir.2004) (*per curiam* ), and we lack jurisdiction to review the decision to affirm without opinion in an individual case. *Kambolli v. Gonzales,* 449 F.3d 454, 460–63 (2d Cir.2006) (*per curiam* ).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, the pending motion for a stay of removal in this petition is DE-NIED as moot.